## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| CURTIS YEAGER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 05-0054-CV-W-ODS-P |
| MICHAEL KEMNA, | ) |
| Respondent. | ) |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, who is confined at the Crossroads Correctional Center in Cameron, Missouri, filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2000 convictions and sentences for second degree murder and first degree child abuse, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner raises three (3) grounds for relief: (1) convicting petitioner of both second degree murder and first degree child abuse violated double jeopardy[1]; (2) trial counsel was ineffective for failing to (a) pass on a plea offer; (b) investigate and call certain witnesses at trial; and (c) appeal on unspecified "additional motions"; and (3) petitioner was denied the right to appeal because three (3) appeals were raised in the state appellate courts for various reasons and all three were denied.

**Procedurally Defaulted Grounds 1, 2(a), and 2(c)**

In Ground 1, petitioner contends that the state violated double jeopardy by convicting and sentencing him for both second degree murder and first degree child abuse. Respondent initially contends

---

[1] Petitioner attempts to add to Ground 1 in his reply to respondent's response (Doc. No. 14) by alleging that direct appeal counsel was ineffective for failing to brief this issue on direct appeal. Doc. No. 14, p. 3.

that Ground 1 is procedurally defaulted because petitioner did not raise it on direct appeal to the Missouri Court of Appeals. Respondent also contends that direct appeal counsel was not ineffective for failing to brief this claim on direct appeal because multiple punishments are permissible when they are the intent of the state legislature and that Missouri law authorizes punishment for both first degree child abuse and second degree murder even if the convictions arise from the same conduct. In Ground 2(a), petitioner contends that counsel failed to convey a plea offer to him. Although petitioner raised this claim in his motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 29.15, Respondent's Exhibit 8, p. 50, petitioner abandoned the claim and did not brief it on appeal from the denial of post-conviction relief. Respondent's Exhibit 9, pp. 7-10. Therefore, respondent contends that Ground 2(a) is procedurally defaulted. Lowe-Bey v. Groose, 28 F.3d 816, 818-20 (8th Cir. 1994).

In Ground 2(c), petitioner contends that his direct appeal counsel was ineffective for not appealing unspecified motion rulings by the trial court. Because this claim was not raised in either the amended Rule 29.15 motion, Respondent's Exhibit 8, pp. 11-19, or briefed in the appeal from denial of post-conviction relief, Respondent's Exhibit 9, pp. 7-10, respondent also contends that Ground 2(c) is procedurally defaulted.

A review of the state court records in petitioner's direct appeal (Respondent's Exhibit 5, pp. 11-16) reveals that petitioner did not raise Ground 1 in his direct appeal. Therefore, Ground 1 was procedurally defaulted in the state courts. Reese v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1996). Moreover, claims not presented to the Missouri courts (such as Ground 2(c)) and the claims presented in a post-conviction motion but not presented on appeal (such as Ground 2(a)) are procedurally defaulted. Conley v. Groose, 26 F.3d 126, 1994 WL 203379, **1 (8th Cir. May 17, 1994); Smith v. Jones, 923 F.2d 588, 589 (8th

2

Cir. 1991).

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Although petitioner raised a claim that ineffective assistance of counsel caused his procedural default in his Rule 29.15 motion and appeal, the Missouri Court of Appeals, Western District, held that direct appeal counsel was not ineffective for failing to brief a meritless claim. The Missouri legislature authorized multiple punishments for both first degree child abuse in Mo. Rev. Stat. § 536.021.1(2) and second degree murder in Mo. Rev. Stat. § 568.060.3(2), as explained in State v. Mendoza, 115 S.W.3d 873, 876 (Mo. Ct. App. 2003). Respondent's Exhibit 11, pp.4-5.

As to Grounds 2(a) and (c), ineffective assistance of post-conviction counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice

3

exception) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Further review of petitioner's defaulted claims is not required to prevent a fundamental miscarriage of justice. Grounds 1, 2(a), and 2(c) will be denied.

### Ground 2(b) - Alleged Ineffective Assistance of Counsel

In Ground 2(b), petitioner contends that his trial counsel was ineffective for failing to call two witnesses at trial. The Missouri Court of Appeals, Western District, denied this same claim in the appeal from denial of Rule 29.15 relief:

> Yeager's second point is that he was entitled to a hearing to prove that trial counsel did not interview, let alone call, two doctors who had treated Luis at the hospital and who were willing and able to testify that they saw no external injuries to Luis. The motion court concluded that the doctor's testimony "would have had no effect on the verdict."
>
> "When the focus of a claim is counsel's failure to call a witness, a movant must prove that the witness could have been located through a reasonable investigation, the witness would have testified if called, and the witness's testimony would have provided a viable defense." *Simmons v. State*, 100 S.W.3d 143, 145 (Mo. [Ct.] App. 2003). *Accord State v. Clay*, 975 S.W.2d 121, 143 (Mo. banc 1998); *State v. Miller*, 981 S.W.2d 623, 633-34 (Mo. [Ct.] App. 1998). The doctors' testimony would not have created a viable defense; there wasn't even a reasonable probability that it would have created a viable defense. Luis died from internal injuries; it is thus irrelevant whether, as the doctors were prepared to testify, that Luis had "no external trauma" (*i.e.*, injury, STEDMAN'S MEDICAL DICTIONARY 1965 (27th ed. 2000)). Cf. *Perkey v. State*, 67 S.W.3d 547, 552 (Mo. [Ct.] App. 2001). The autopsy and photographs of the victim taken at the hospital, and at the medical examiner's office, showed extensive bruising all over the face and head. The examination of internal injuries showed extensive skull fractures, swelling of the brain, and bleeding near the eyes. Point denied.

Respondent's Exhibit 11, pp. 5-6.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540

4

(8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[2] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

In order to succeed on an ineffective assistance of counsel claim, petitioner must establish that: (1) his counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) counsel's deficient performance prejudiced petitioner's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., id. at 687-90. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

Moreover, petitioner has failed to demonstrate that counsel's failure to call the two doctors as witnesses prejudiced his defense. In order to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Here, there is little likelihood that the doctor's testimony would have undermined confidence in the verdict because numerous photographs taken of the victim at the

---

[2] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

5

hospital and at the medical examiner's office showed extensive external and internal injuries and because, even if the doctors had testified, their testimony would not have refuted the fact that the victim died from blunt head trauma consistent with child abuse and would not have established that petitioner did not cause those fatal injuries. See Respondent's Exhibit 10, pp. 20-31.

The Missouri Court of Appeals properly applied the United States Supreme Court's holding in Strickland in concluding that petitioner's ineffectiveness of counsel claim was without merit. Thus, the state appellate court's denial of petitioner's claim was not based on an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). Therefore, Ground 2(b) will be denied.

## Ground 3 - Alleged Denial of the Right to Appeal

Petitioner's Ground 3 alleges that he was denied the right to appeal because his direct appeal, post-conviction relief motion, and post-conviction appeal were ruled against him. Petitioner had a direct appeal in which he raised one claim, that the evidence was insufficient to establish that the child's death was not the result of an accident. The Missouri Court of Appeals, Western District, ruled that, "[v]iewing the evidence in a light most favorable to the verdict, . . . the evidence was sufficient to support the jury's convictions." Respondent's Exhibit 7, p. 8. The state appellate court's decision was consistent with a reasonable application of Jackson v. Virginia, 443 U.S. 307, 320 (1979). Moreover, Rule 29.15 provided a means to challenge the effectiveness of direct appeal counsel in the selection and presentation of claims on direct appeal. Clearly, petitioner exercised his right to appeal and, in fact, pursued additional state post-conviction remedies. Even if Ground 3 were based in fact (which it is not), petitioner did not exhaust such a ground for relief in the state courts and, therefore, would be procedurally barred from federal habeas

6

corpus review of Ground 3.

As to any complaints about how his state court direct appeal or post-conviction motion and appeal were ruled, petitioner was required to file motions for reconsideration or appeals thereof if he sought further review of those rulings. Petitioner states in support of Ground 3 that "[t]he [state] courts clearly erred in denying petitioner an evidentiary hearing as required by Rule 29.15(h) because the record leaves a firm impression that a mistake has been made." Doc. No. 14, p. 26. Such a claim, however, is not cognizable in a federal habeas corpus proceeding because it concerns a state post-conviction proceeding. See Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994), cert. denied, 513 U.S. 983 (1994); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990) ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding"), cert. denied, 495 U.S. 936 (1990); Williams v. Missouri; 640 F.2d 140, 143-44 (8th Cir. 1981) ("Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), cert. denied, 451 U.S. 990 (1981). Ground 3 will be denied. Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied, and this case is dismissed with prejudice.

    /s/ Ortrie D. Smith
ORTRIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,
Dated: __6/17/05__.